Tadiaeebbo, J.
The plaintiff, in her capacity of natural tutrix to her minor daughter, Alice, brings this suit against the three defendants, Beichard, Kruttschnett and Schmidt, in solido, as commercial partners of the firm of Beichard & Co., which expired by its own limitation on the 15th July, 1861. She avers that defendants in their social name and capacity, without any authorization, took in charge and assumed the management and control of certain funds belonging to her minor child in her own *550 right, viz: certain dividends on fifty-six shares of the capital-stock of the New Orleans Canal and Banking Company. These dividends, she avers yvere collected as they accrued, and were retained by them at the rate of six per cent, per annum interest, with which they charged thems< Ives That finally the defendants invested the moneys so collected by them, in bonds of the Confederate States, without authority and contrary to law. That this investment of the minor’s funds was and is illegal and void. She claims the sum of $2,2ál 90, with interest running from different periods on separate portions of that amount. The defendants severed In their defence, and filed general denials. The plaintiff had judgment in her fatfoi-, and the defendants have appealed.
It is shown that William Yogel ,the father of the minor Alice, had given to Augustus Reichard, in 1856, a power of attom y, de egating to him. plenary power to transact his business of every kind. Yogel in the early part of the year 1858, was missing from his residence in New Orleans and was never afterwards heard of. Soon after his disappearance Reichard,one of the defendants, assumed the management of his affairs under the power of attorney; Vogel for several years being considered an absentee-At the time of his disappearance, Yogel was a partner of the.commercial firm of Schmidt and Co. composed of himself, Schmidt and Reichard-
This partnership was dissolved soon after the absence of Yogel occurred, and a new one formed, composed of Augustus Reichard, John Kruttschnett, Leopold Christ andE. W. Schmidt, the last named being a partner in commendam. A few days after the formation of this firm-Augustus Reichard substituted his new partner John Kruttschnett to the power of 'attorney which he held from Vogel, and on the eve of entering into this new partnership, the assets of the house of Schmidt and Co. were divided, and the share allotted to Wm. Vogel, as well as his private property, seem to have been taken in charge by the new firm of Reichard & Co. It appears also, that the interest of the minor in tlie Canal Bank stock was likewise taken in charge by the firm. An account was opened in the name of the minor Alice on the commercial books of the firm, Commissions were charged on the dividends collected, and the firm charged with six per cent, interest on the balances as they accrued. The investment of the minor’s funds on hand in the bonds of the so-called Confederate States was made on the 27th September, 1861. These b,onds were purchased with a check drawn in the handwriting of A. Four, clerk of the firm, in 1 the name of the firm, against the funds of Reichard & Co., in the Citizens Bank, and with that check the bonds were purchased for the minor.
It is urged in the defence that Reichard & Co. made frequent requests of Mrs. Yogel, as the natural tutrix of the minor, for instructions as to how the minor’s funds in their hands should be invested, but receiving none, they acted in the matter of the investment upon the advice of the attorney of Mrs. Yogel, who was then residing in Paris; and on the part of one' of the defendants, it is argued that the mother of Alice acquiesced in the measure, and thereby ratified it. We do not so construe the letter of Mrs. Yogel which is referred to as evidence of aoquii seenee and ratification. It was not until June, 1865, that the succession of Wm. Yogel can be considered as being opened. Prior to that period *551 Vogel was considered and treated as an absentee. His effects were so administered, and. it was not until May, 1865, that Mrs. Vogel, was confirmed as natural tutrix.
It is clear that the defendants had no legal right to take in charge and manage the affairs of the minor.
The power of attorney from Wm. Vogel to Reichard, certainly contains no such authority, Whatever may have been the motives of the defendants, we see no sanction of law whatever to sustain them in their acts.
The defence of Schmidt that he was a partner in commendam cannot, we think, avail him. 1 An p. 120. We concur with the Judge a quo that the undertaking- on the part of Reichard & Co., without authorization, to administer the affairs of the minor, gave rise to the relation of creditor and debtor between the minor and Reichard & Co., which, under the evidence, renders the defendants hable in solido, as commercial partners. C. C. Art. 2274, 2293.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.